IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Gainesville

MAY 2 5 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| AMELIA WILBOURNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | |
| ) | NO. _____ |
| ) | |
| FORSYTH COUNTY SCHOOL ) | |
| DISTRICT; CANDICE NORTON, ) | 2 06-CV-0078 -WCO |
| in her official capacity as Executive ) | |
| Director of Human Resources for ) | |
| The Forsyth County School District ) | |
| and in her individual capacity; ) | |
| GEORGIA PROFESSIONAL ) | DEMAND FOR |
| STANDARDS COMMISSION; ) | JURY TRIAL |
| JUDY FRANKLIN, in her official ) | |
| capacity as Investigator for the Georgia ) | |
| Professional Standards Commission ) | |
| and in her individual capacity; ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW plaintiff Amelia Wilbourne and files this Complaint against the

Defendants Forsyth County School District ("FCSD"), Candice Norton ("Norton"), the

Georgia Professional Standards Commission ("PSC"), and Judy Franklin ("Franklin"),

asserting claims of discrimination and retaliation under the Americans with Disabilities

Act of 1990, 42 U.S.C. §§ 12101-12213 ("ADA") and Section 504 of the Rehabilitation

Act of 1973, 29 U.S.C. § 794 ("Section 504"), violations of and retaliation for the right to

petition one's government and right to freedom of speech pursuant to the First

Amendment of the United States Constitution and the Constitution of the State of

Georgia; violations of Plaintiff's rights to due process and equal protection of the law

pursuant to the United States Constitution and the Constitution of the State of Georgia;

and violations of 42 U.S.C. §§ 1983 and 1985.

## PARTIES

1.

Plaintiff Amelia Wilbourne is an educator certified to teach in the state of Georgia

and employed by the FCSD.

2.

Defendant FCSD is a State of Georgia local governmental/educational agency

which employs Plaintiff Wilbourne and Defendant Norton.

3.

Defendant Norton is the Executive Director for Human Resources for FCSD, and

was formerly employed by the PSC from 1991-1996.

4.

Defendant PSC is a governmental agency created by the Georgia General

Assembly as of July 1, 1991 to assume full responsibility for the certification,

preparation, and conduct of certified, licensed, or permitted personnel employed in the

public schools of the State of Georgia.

5.

Defendant Franklin is and has been employed as an Investigator for the PSC.

## JURISDICTION

6.

This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE AND DEMAND FOR JURY TRIAL

7.

Venue is proper, and Plaintiff requests a jury trial.

## COUNT ONE – DISCRIMINATION AND RETALIATION

## IN VIOLATION OF THE ADA AND SECTION 504

## COUNT TWO – VIOLATION OF FIRST AMENDMENT

## RIGHT TO FREEDOM OF SPEECH

## COUNT THREE – VIOLATION OF FIRST AMENDMENT

## RIGHT TO PETITION GOVERNMENT

8.

Plaintiff incorporates by reference averments 1-7 as if fully set forth herein.

9.

Mrs. Wilbourne is a highly qualified, competent teacher in the FCSD who is well respected and liked by her school administration, staff, co-workers, students, and parents, and she is a teacher who goes beyond the call of duty for her students and school and who had always received the highest praises by her direct supervisors, with her ethical

behavior always having been found to be exceptional, even after the bogus, retaliatory charges brought against her giving rise to this cause of action.

10.

Plaintiff Wilbourne ensures that she provides an appropriate education to all children, whether disabled or not disabled, and she is also the parent of a disabled child.

11.

In 2003, after a FCSD teacher physically and emotionally abused Plaintiff's disabled son, Plaintiff reported the incident to the proper FCSD authorities, and when no meaningful action was taken, Plaintiff asked the FCSD, the teacher's immediate supervisor, and Norton, as the director of human resources, to file an ethics complaint with the FCSD and take other necessary and proper action.

12.

Because FCSD, the teacher's immediate supervisor, and Norton refused to report the issues to the PCS, Department of Family and Children's Services, or any other agency with authority to investigate and prevent harm to children, Plaintiff herself filed a complaint with the PSC against the teacher for the abuse of a child and against the supervisor for failing to report, much less investigate the abuse, which was witnessed by an unbiased adult.

13.

Norton, while acting as human resource director for the FCSD, informed Plaintiff that nothing could be done about the incident and informed Plaintiff to "drop" the matter, stating it was not an issue to be addressed.

4

14.

When Plaintiff informed Norton that Plaintiff would herself file a complaint with the PCS, Norton began reviewing Plaintiff's personnel file and started questioning Plaintiff about her work history in order to intimidate, coerce, threaten, and harass Plaintiff and in an effort to prevent Plaintiff from proceeding forward with the PSC complaint.

15.

After Plaintiff filed a formal PSC complaint against the teacher who abused the child and the FCSD administrator who failed to investigate and report the physical and emotional child abuse in accordance with the law, the FCSD and Norton wrongfully used Norton's former position with the PSC and contacts with the PSC to prevent the complaint from being processed in the normal, lawful, routine course and as required by Georgia statutory law as well as PSC policy, procedures, and rules.

16.

The PSC, Norton, and the FCSD intentionally and illegally prevented and disallowed proper and lawful consideration of Plaintiff's complaint, and a PSC representative informed Plaintiff the PSC would not even look into the matter because the FCSD did not want the PSC to do so and the FCSD had to approve of the investigation and it did not, which is a violation of the law, procedures, policy, and requirements of the PSC and involvement of a local educational agency to prevent one's right to file a complaint and have it lawfully investigated.

17.

During the 2004-2005 school year, Plaintiff's son was once again subjected to reported disability discrimination, and Plaintiff voiced her concerns as a parent to her son's principal and advocated for him to be free from discrimination based upon disability, removing her son from that FCSD school setting and placing him at the FCSD school where she taught, and her disabled son thrived and received an appropriate education free from discrimination based upon disability.

18.

Because Plaintiff had earlier filed a PSC complaint against an abusive teacher and administrator who refused to properly investigate and report and because Plaintiff advocated as a parent for her disabled child to be free from discrimination based upon disability, Defendants FCSD, Norton, PSC, and Franklin intentionally and with malice threatened, harassed, intimidated, coerced and retaliated against Plaintiff once again and also again deprived Plaintiff in ongoing, concerted action of her rights to petition her government and receive equal protection under and due process of the law.

19.

All Defendants named herein purposefully and with malice and in a concerted effort to retaliate against, harass, intimidate, coerce, and threaten Plaintiff for her advocacy orchestrated and carried out a fraudulent scheme to file bogus and unsupported ethics claims against Plaintiff and then deny her due process of and equal protection under the law.

20.

Norton and the FCSD first prepared a letter of reprimand against Plaintiff, dated February 16, 2005, and then asked and/or required the principal at the school where Plaintiff taught to sign the letter and give it to Plaintiff.

21.

The principal, Mr. Jeff Zoul, gave the reprimand letter to Plaintiff, telling her basically although perhaps not in these exact words, that the matter would end with the letter of reprimand and no further action would be taken, for Norton and/or the FCSD had told this to Mr. Zoul.

22.

After the letter of reprimand was given to Plaintiff, another FCSD administrator informed Plaintiff that the principal had been required to give Plaintiff the letter and that the principal and the other administrator did not agree with it.

23.

Less than one month after the date of the letter of reprimand signed by the principal and prepared by the FCSD and/or Norton, the principal and Plaintiff met for her annual review, and the principal stated in writing that Plaintiff had "done an outstanding teaching job th[at] year" and that she had met every single standard, including but not limited to communication and interpersonal skills with administrators and personal conduct while in the performance of school duties, and not even one negative comment was made by the principal during the review, either orally or in writing.

24.

Although Norton and/or the FCSD informed Mr. Zoul that the matter would not go forward beyond the letter of reprimand Norton and/or the FCSD prepared and submitted a PSC complaint against Plaintiff.

25.

The PCS complaint referenced in paragraph 24 alleged Plaintiff "left her assigned teaching assignment without informing the administration" and confronted administration at her son's school "in an unprofessional manner regarding her son's education."

26.

Defendant Franklin of the PSC was assigned to investigate the complaint, and in concert with the other Defendants, she a) intentionally and willfully did not lawfully investigate the complaint, b) intentionally and willfully refused and failed to even communicate with critical witnesses, c) purposefully included Norton in on the few telephone interviews she conducted to intimidate the few witnesses she did contact, d) purposefully and with malice ignored the clear evidence, and e) wrongfully and purposefully recommended Plaintiff be reprimanded, so this would be placed on Plaintiff's teaching certificate for all time in order to retaliate against Plaintiff for having filed the former PSC complaint and for voicing her concerns regarding the discriminatory and harmful treatment to her son and disabled children and for exercising her rights to petition her government and avail herself of due process and equal protection of the law.

8

27.

All Defendants, acting in concert and with malice and intent to violate the law and Plaintiff's rights thereunder, also violated the applicable state statutory law and the policy, procedures, and rules of the PSC to purposefully and in concert deny due process and equal protection to Plaintiff under the law and to purposefully and with malice retaliate, harass, intimidate, coerce, and threaten Plaintiff by alleging Plaintiff was guilty of matters or at least had committed unethical acts beyond those asserted in the written complaint by recommending to the PSC and the PSC alleging in its findings of reprimand that Plaintiff was to be reprimanded for an alleged "inadequate supervision of students and inappropriate contact with an administrator," when inadequate supervision of students had never even been a charge noticed or claimed.

28.

The PSC and Franklin, in concert with the FCSD and Norton, willfully and with malice refused and failed to contact the nationally board certified, licensed teacher who taught Plaintiff's and her one class during the time Plaintiff allegedly inadequately supervised her students, which was not true, as all Defendants knew and which was contradicted by the principal's evaluation of his teacher, the Plaintiff.

29.

All Defendants intentionally and willfully denied due process and equal protection of the law to Plaintiff by making and processing unfounded ethics charges against Plaintiff in order to retaliate, threaten, intimidate, coerce, and harass her for her advocacy for her disabled child to be free from discrimination based upon disability and to be free from physical and emotional abuse, for her petitioning her government, for her

speaking of the abuse to her son's principal, for her availing herself of due process of the law and equal protection of the law.

30.

Defendants FCSD and/or Norton were responsible for Plaintiff's summative assessment dated March 7, 2005 being altered after both the principal and Plaintiff had signed it by having the principal add notations to the assessment after the review and signatures, such that the reprimand letter was attached to the review after the fact and the words "SEE ATTACHMENT" with the principal's initials were twice added.

31.

Plaintiff's summative assessment dated March 7, 2005 was had altered by the FCSD and/or Norton after Plaintiff filed a complaint with the United States Employment Opportunity Commission, and this was done so as to further the concerted, fraudulent, retaliatory acts; further deny Plaintiff her right to petition her government, to due process of the law, and to equal protection under the law, and intentionally and fraudulently alter evidence.

32.

Plaintiff has a copy of the original summative assessment dated March 7, 2005 and the altered one, and the original assessment has no notations and indicates only that Plaintiff had had an exemplary school year in all areas.

33.

On or about July 9, 2005, Plaintiff filed a complaint with the United States Employment Opportunity Commission, and on or about February 21, 2006, the United States Department of Justice mailed a notice informing Plaintiff she had a right to

institute a civil action within 90 days of Plaintiff's receipt of the notice, and Plaintiff has

filed this lawsuit within 90 days of her receipt of the notice, said notice being received

February 27, 2006.

34.

Plaintiff also timely filed an appeal on June 13, 2005 of the PSC's unlawful and

retaliatory reprimand placed upon her teaching certificate, but the PCS has denied and

continues to deny Plaintiff an appeal, much less a timely appeal, such that proof of

Plaintiff's appeal is feared to become impossible to establish due to the extensive lapse of

time, and this entire time Plaintiff's certificate has a pending ethics matter such that

Plaintiff cannot even apply for a job in another county school district without having to

disclose the reprimand, for which she has not been and is not being allowed an appeal,

again in violation of her rights to petition her government, due process, equal protection

of the law, and in furtherance of the First and Fourteenth Amendments to the state ad

federal constitutions and in retaliation and violation of the ADA, Section 504, 20 U.S.C.

§ 1985, and 20 U.S.C. § 1983.

35.

Defendants have significantly damaged Plaintiff, and she is entitled to temporary

and permanent injunctive relief as well as recovery of all damages allowed by law,

including but not limited to compensatory and punitive damages and recovery of all costs

and attorney's fees for Defendants' concerted and willful improper threats, intimidation,

harassment, and retaliation in violation of the ADA and Section 504, concerted and

willful improper violations of Plaintiff's state and federal constitutional rights under the

First and Fourteenth Amendments and 20 U.S.C. § 1985 and § 1983.

11

## COUNT FOUR – COLOR OF STATE LAW – 20 U.S.C. § 1983

36.

Plaintiff incorporates by reference paragraphs 1-35 above as fully set forth herein.

37.

All Defendants acted in concert under color of state law and as a pattern, custom, and/or practice to prevent Plaintiff and educators from advocating for disabled children, including their own children.

38.

The Superintendent of the FCSD approved and assisted in the unlawful scheme to deny Plaintiff her lawful rights of due process, equal protection, and freedom of speech and to petition government and be free from retaliation, harassment, intimidation, threats, and coercion.

39.

All Defendants participated in the on-going and continual purposeful violation of Plaintiff's rights and retaliation with the full approval and support of the governmental agencies and administrators and representatives.

40.

Defendants have a history of purposefully abusing and maliciously violating in concert educators' state and federal statutory and constitutional rights to achieve improper results, oppress, intimidate, harass, threaten, retaliate, and coerce educators such as Plaintiff and of discriminating against disabled children and not reporting harm to such children.

41.

Defendants practice, custom, and policy of acting improperly and unlawfully as described herein rose to such a level that Defendants Norton and/or FCSD had Plaintiff's personnel records altered and had the PSC and/or Franklin violate state law and PSC law and rules on an ongoing and continual basis with the full support and approval of the top ranking individuals in the PSC and FCSD.

42.

Defendants FCSD and Norton have a history of ensuring educators do not advocate for their rights or the rights of disabled children, including their own, and they have a history and pattern and policy of using and abusing Norton's past ties with the PSC to retaliate, threaten, harass, coerce, and intimidate educators for their exercise of their free speech, right to petition government, right to due process, right to equal protection under the law, and advocacy of disabled children to be free from discrimination based upon disability.

43.

Defendants FCSD and Norton have a history, pattern, practice, and policy of requiring educators to partake in the unlawful and illegal acts cited herein of retaliation, denial of due process, denial of equal protection of the law, fraud, fraudulent alteration of documents, and abuse of the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests:

That this Court exercise jurisdiction over these cause of action;

That judgment be entered in favor of Plaintiffs and against all Defendants;

That this matter be tried to a jury trial;

That Defendants be temporarily and permanently enjoined from their ongoing and continued retaliation, harassment, intimidation, and threats due to Plaintiff's advocacy and that they be temporarily and permanently enjoined from their ongoing and continued violations of Plaintiff's state and federal First Amendment rights to petition government and to freedom of speech and state and federal Fourteenth Amendment rights to substantive and procedural due process and equal protection;

That Defendants be temporarily and permanently enjoined from placing a reprimand on Plaintiff's teaching certificate;

That Plaintiff receive judgment and an award of all damages allowed by law to be determined by a jury, including but not limited to compensatory and punitive damages;

That Plaintiff be awarded her attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § § 1988 and 12205 and 29 U.S.C. § 794a (b) and all other applicable laws; and

That this Court issue such other relief as may be just, equitable, and appropriate.

This 25th day of May 2006.

Respectfully submitted by,

Chris E. Vance
Ga. Bar No. 724199

**CHRIS E. VANCE, P.C.**
Suite 100
2415 Oak Grove Valley Road
Atlanta, GA 30345
Tel: (404) 320-6672
Fax: (404) 320-3412
E-mail: cevance@bellsouth.net