# United States Court of Appeals
## For the Eleventh Circuit

REFILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB - 4 2009

JAMES N. HATTEN, CLERK
By: Deputy Clerk

No. 08-12094

District Court Docket No.
06-00078-CV-WCO-2

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jan 5, 2009

THOMAS K. KAHN
CLERK

AMELIA WILBOURNE,

        Plaintiff-Appellant,

versus

FORSYTH COUNTY SCHOOL DISTRICT,
CANDACE NORTON, in her official
capacity as Executive Director of Human
Resources for the Forsyth County School
District and in her individual capacity,
GEORGIA PROFESSIONAL STANDARDS COMMISSION,
JUDY FRANKLIN, in her official capacity as
Investigator for the Georgia Professional
Standards Commission and in her individual
capacity,

        Defendants-Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

FEB 11 2009

JAMES N. HATTEN, Clerk
By: Vicki Dougherty
Deputy Clerk

---

Appeal from the United States District Court
for the Northern District of Georgia

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
FEB 03 2009
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:   January 5, 2009
For the Court:   Thomas K. Kahn, Clerk
By:   Clark, Djuanna H.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12094
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 5, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00078-CV-WCO-2

AMELIA WILBOURNE,

                     Plaintiff-Appellant,

versus

FORSYTH COUNTY SCHOOL DISTRICT,
CANDACE NORTON, in her official
capacity as Executive Director of Human
Resources for the Forsyth County School
District and in her individual capacity, et al.,

                     Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 5, 2009)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Amelia Wilbourne appeals the district court's grant of summary judgment, in her action brought pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, the Rehabilitation Act, 29 U.S.C. § 794 (Section 504), and 42 U.S.C. §§ 1983, 1985(3), in favor of the defendants, Forsyth County School District (FCSD), Candace Norton, Georgia Professional Standards Commission (PSC), and Judy Franklin. Wilbourne, a teacher, alleged FCSD and Norton, FCSD's Human Resources Director, retaliated against her, in 2005, by issuing a "letter of directive" to be placed in her personnel file and filing a complaint against her with PSC for "unprofessional conduct" after she: (1) filed a complaint with PSC, in 2003, regarding an incident involving a teacher abusing her disabled son; and (2) confronted, in 2005, an administrator at her son's school about the school's projected discipline of her son. Wilbourne alleged PSC and Franklin, a PSC investigator, retaliated against her for her 2003 complaint by improperly investigating the 2005 complaint against Wilbourne and issuing a reprimand as a result of that investigation.

Wilbourne makes several arguments on appeal. First, "the record contains evidence of retaliation." Second, the district court erred in granting summary judgment with respect to her First Amendment claim because she established her 2003 complaints to PSC were a matter of public concern in that she reported the

abuse of her child to a public body and also reported the refusal of the principal to report the abuse. Third, she was "entitled to a due process administrative hearing" to appeal PSC's decision to reprimand her for her actions in 2005 related to her confrontation with her son's principal. Fourth, the evidence establishes the defendants "acted in concert and undertook actions together to cause harm to [her]."

### I.

With respect to her retaliation claim, Wilbourne argues: (1) she engaged in protected conduct; (2) "she submitted evidence . . . that she had not acted improperly and in fact was an excellent teacher;" (3) she submitted evidence "Norton arranged for a biased investigation;" and (4) PSC "altered the charges against [her]," and FCSD and Norton, without informing her, "altered [her] annual review after she had signed it." She also argues the defendants have not established a non-retaliatory reason for their decisions to discipline her. Wilbourne suggests if the defendants had acted in good faith, Norton would not have altered her annual review after she signed it. Wilbourne contends the "PSC investigation was begun even before PSC had met to decide whether to investigate," and PSC falsely charged her with abandoning her class.

We review a district court's grant of summary judgment *de novo*. *Rojas v. Florida*, 285 F.3d 1339, 1341 (11th Cir. 2002). Summary judgment is proper when the pleadings and accompanying evidence show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2552 (1986); Fed. R. Civ. P. 56(c). To survive a motion for summary judgment, the nonmoving party must show there is a genuine issue of fact for trial. *Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1231 (11th Cir. 2006). We view "the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmoving party." *Battle v. Board of Regents for Georgia*, 468 F.3d 755, 759 (11th Cir. 2006).

The ADA provides "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge . . . under [the ADA]." 42 U.S.C. § 12203(a). "This provision creates a prohibition on retaliation under the ADA that is similar to Title VII's prohibition on retaliation." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997). Accordingly, we assess ADA retaliation claims under the same framework

employed for retaliation claims arising under Title VII. *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998).

To establish a *prima facie* case of ADA retaliation, a plaintiff must show: "(1) that [s]he engaged in statutorily protected activity; (2) that [s]he suffered an adverse employment action; and (3) a causal link between the protected activity and the adverse action." *Id.* "Once a plaintiff has established a *prima facie* case [of retaliation], the employer then has an opportunity to articulate a legitimate, non-retaliatory reason for the challenged employment action." *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). If this is accomplished, the plaintiff then bears the ultimate burden of proving by a preponderance of the evidence the reason provided by the employer is a pretext for prohibited, retaliatory conduct. *Id.*

The inquiry into pretext requires us to determine, when viewing *all* the evidence, whether the plaintiff has raised sufficient doubt as to defendant's proffered nondiscriminatory reasons to allow a reasonable factfinder to conclude the employer's proffered legitimate reasons were not the actual motives for its conduct. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997). A plaintiff may not establish pretext simply by questioning the wisdom of the employer's reason. *Id.* at 1543. "Provided that the proffered reason is one that

might motivate a reasonable employer, an employee must meet that reason head on and rebut it." *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (*en banc*). The inquiry into pretext centers on the employer's beliefs, rather than the employee's own perceptions. *Holifield v. Reno*, 115 F.3d 1555, 1565 (11th Cir. 1997). Where a defendant offers extensive evidence of legitimate, nondiscriminatory reasons for its actions, conclusory allegations by the plaintiff are insufficient to raise an inference of pretext. *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996). Claims under Section 504 are subject to the same legal framework as ADA claims. *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1526 n.2 (11th Cir. 1997).

Upon review of the record and consideration of the briefs of the parties, we affirm the district court's grant of summary judgment. The evidence Wilbourne presented was either conclusory or insufficient to establish that Norton's, FCSD's, and PSC's reasons for taking an adverse action against her were pretext for discrimination. Wilbourne also failed to cite to any evidence related to Franklin's actions or motives. We find the district court properly granted summary judgment to the defendants on her ADA and Section 504 claims.

II.

With respect to her First Amendment claim, Wilbourne argues she established her speech was a matter of public concern because if PSC properly investigated her 2003 complaint by speaking to the child involved, other children in the class, and other parents, then it would have prevented the teacher from discriminating or abusing more disabled children and would have caused the principal to report such incidents. She stresses this would not help her son at all, and therefore, shows she was acting "for the public good, and was speaking and petitioning a public agency on a matter of public concern."

A government employer may not retaliate against a public employee for speech protected under the First Amendment. *Mitchell v. Hillsborough County*, 468 F.3d 1276, 1283 (11th Cir. 2006). To establish a First Amendment claim of retaliation under § 1983, an employee must show that: "(1) the speech involved a matter of public concern; (2) the employee's free speech interests outweighed the employer's interest in effective and efficient fulfillment of its responsibilities; and (3) the speech played a substantial part in the adverse employment action." *Cook v. Gwinnett County Sch. Dist.*, 414 F.3d 1313, 1318 (11th Cir. 2005). The burden then shifts to the employer to show (4) that it would have made the same decision even absent the protected speech. *Id.* The "threshold question" of whether the content of an individual's speech is a matter of public concern, also applies with

7

respect to an alleged violation of an individual's First Amendment right to petition the government. *D'Angelo v. Sch. Bd. of Polk County, Fla.*, 497 F.3d 1203, 1211 (11th Cir. 2007).

"In determining whether an employee's speech touched on a matter of public concern, we look to the content, form, and context of a given statement, as revealed by the whole record," and determine "whether the 'main thrust' of the speech in question is essentially public in nature or private." *Mitchell*, 468 F.3d at 1283 (quotations omitted). Although neither factor is dispositive, we look to: (1) "whether the speech was communicated to the public at large or privately to an individual;" and (2) "what the speaker's motivation in speaking was." *Id.* at 1283-84. Although "content" is the most important factor in assessing whether a particular type of speech is a matter of public concern, when context and motivation indicate that speech is private, speech that otherwise would be considered "a matter of public concern" can be deemed private. *Id.* at 1284. Complaints to official bodies do not constitute communication to the general public or an attempt to involve the general public. *Morgan v. Ford*, 6 F.3d 750, 755 (11th Cir. 1993).

Wilbourne's motives in speaking were entirely personal, and the context of her speech was private. We find the district court properly granted summary judgment to the defendants on her First Amendment claims.

### III.

With respect to her due process claim against PSC, Wilbourne argues her right to seek a writ of mandamus from state court in order to obtain an appeal from PSC does not constitute "due process" because it would mean "only citizens with assets sufficient to retain an attorney to sue PSC in state court . . . [would have] a real right to due process." She stresses that, although she has the right to sue in state court in order to "force the state agency to provide due process," there is no guarantee relief will be granted.

To state a claim under § 1983 for denial of procedural due process, an individual must show "the state refuse[d] to provide a process sufficient to remedy the procedural deprivation." *Cotton v. Jackson*, 216 F.3d 1328, 1330-31 (11th Cir. 2000) (quotations omitted). "This rule . . . recognizes that the state must have the opportunity to remedy the procedural failings of its subdivisions and agencies in the appropriate fora--agencies, review boards, and state courts[--] before being subjected to a claim alleging a procedural due process violation." *Id.* at 1331. "Under Georgia law, when no other specific legal remedy is available and a party

9

has a clear legal right to have a certain act performed, a party may seek mandamus." *Id.* at 1332; O.C.G.A. § 9-6-20. The right to seek a writ of mandamus is an adequate remedy to ensure an individual is not deprived of her due process rights. *Cotton*, 216 F.3d at 1333.

Wilbourne had a state court remedy to PSC's failure to consider an appeal of its decision to reprimand her. The district court properly granted summary judgment to PSC as to her due process claim.

## IV.

Finally, Wilbourne argues the evidence establishes the defendants "acted in concert and undertook actions together to cause harm to [her]." She contends she has shown "the nexus between the parties and the common acts to further harm" her.

To state a claim under § 1985(3), an individual must show: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Park v. City of Atlanta*, 120 F.3d 1157, 1161 (11th Cir. 1997). "In order to establish a § 1985(3)

10

conspiracy claim, [a plaintiff] must show an agreement between two or more persons to deprive [her] of [her] civil rights." *Dickerson v. Alachua County Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000). To prove a § 1983 conspiracy, "a plaintiff must show that the parties reached an understanding to deny the plaintiff . . . her rights and prove an actionable wrong to support the conspiracy." *Bailey v. Bd. of County Comm'rs*, 956 F.2d 1112, 1122 (11th Cir. 1992). "[T]he linchpin for conspiracy is agreement[.]" *Id.*

Wilbourne failed to present evidence the defendants had an agreement to violate her rights. The district court correctly granted summary judgment on her claim of conspiracy. Accordingly, we affirm.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia